# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NANCY MERCER,<br><br>    Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK, N.A.<br><br>    Defendant. | Case No.: 1:21-cv-00367<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. North Carolina Debt Collection Act, N.C. Gen Stat. §75-52<br>3. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nancy Mercer ("Plaintiff"), by and through her attorneys, alleges the following against Fifth Third Bank, N.A. ("FTB" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint against FTB is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint against FTB is based upon North Carolina's Debt Collection Act ("NCDCA"), N.C. Gen Stat. §75-52. The NCDCA prohibits a debt collector from using "any conduct, the natural consequence of which is to oppress, harass,

1

or abuse any person in connection with the attempt to collect any debt."

3. Count III of Plaintiff's Complaint against FTB is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

4. Plaintiff is a natural person residing in the city of Midland, Cabarrus County, North Carolina.

5. Defendant is a banking institution engaged in the business of giving credit and collecting debt, with its principal place of business located at Fifth Third Center, 38 Fountain Square Plaza, Cincinnati, OH 45263. Defendant can be served at its registered agent, Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

6. Defendant is a "debt collector" as defined by N.C. Gen Stat. §75-50.

7. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

8. Jurisdiction of the court arises under 28 U.S.C. §§ 1331, 1332, and 1367; as well as 47 U.S.C. § 227.

9. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of North Carolina and Defendant is a citizen of Ohio) and the amount in controversy exceeds $75,000.

10. Venue is proper pursuant to 28 U.S.C. § 1392(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

11. Defendant transacts business here; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

12. The debt underlying this action was an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

13. In or around May 2020, FTB began calling Plaintiff on her cellular telephone ending in 4795.

14. The calls originated mainly from the following telephone numbers: (773) 981-9135; (800) 240-8151; (239) 225-2099; and (800) 837-5745.

15. Upon information and belief, these telephone numbers are owned, operated, or controlled by FTB or its agent(s).

16. On or about May 18, 2020, Plaintiff answered a call from FTB and spoke with a representative.

3

17. After picking up the call, Plaintiff noticed a short pause before FTB's representative began speaking, consistent with the use of an automatic dialing system.

18. Upon information and belief, Defendant's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time," consistent with footnote 7 in *Facebook, Inc. v. Duguid*, 28 Fla. L. Weekly Fed. S. 721, at *6 n.7 (U.S. 2021).

19. Upon information and belief, Defendant's system used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator.

20. Upon information and belief, Defendant's system used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

21. After the call connected, FTB's representative informed Plaintiff that FTB was attempting to collect a debt incurred by Plaintiff.

22. Plaintiff informed the representative that she was on a fixed income and could not make a payment.

23. Plaintiff then advised FTB's representative that she would call FTB when she could make a payment. Plaintiff further explained that if FTB wanted to communicate with her, it must do so *only* by mail, thereby revoking consent for FTB to call Plaintiff's cellular telephone.

24. On or about August 4, 2020, Plaintiff answered another call from FTB and spoke with a representative.

4

Case 1:21-cv-00367-LCB-LPA   Document 1   Filed 05/10/21   Page 4 of 10

25. During this call, she once against noticed a short pause before the FTB representative began speaking.

26. Plaintiff explained for a second time that she was unable to make a payment, and once again requested that FTB only contact her only by mail.

27. Despite Plaintiff, on two separate occasions, expressly informing FTB not to call her further and that she could not make a payment, FTB began a harassment campaign by calling Plaintiff on her cellular telephone relentlessly for six months.

28. Between May 18, 2020 and January 31, 2021, FTB called Plaintiff's cellular telephone approximately **one hundred and forty (140)** times after Plaintiff had revoked consent to be called.

29. FTB called Plaintiff virtually every day, multiple times per day.

30. FTB called Plaintiff at all hours of the day, from as early as 9 am to as late as 6 pm.

31. Upon information and belief, FTB is familiar with the TCPA and NCDCA.

32. FTB's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able to.

33. Plaintiff is elderly (eighty-three (83) years old) and has no income aside from social security. Plaintiff lives on her approximately $1,000 per month social security benefit and has not received any outside income for over thirty (30) years.

34. Upon information and belief, FTB was aware of Plaintiff's limited income

when it approved her for the credit card.

35. The constant calls from FTB caused Plaintiff extreme stress and anxiety where she had a lot of trouble sleeping at night. The barrage of calls also added to stress she experienced from the Covid-19 pandemic.

36. FTB's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. FTB's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained, twice, that she could not make a payment and expressly revoked consent to be called.

37. As a result of FTB's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

## COUNT I
## Violations of the TCPA, 47 U.S.C. §227

38. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

39. FTB violated the TCPA. FTB's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, FTB violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior

6

express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, FTB willfully and/or knowingly contacted Plaintiff on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, FTB knowingly and/or willfully violated the TCPA.

40. As a result of FTB's violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that FTB's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that FTB knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## **COUNT II**
**Violations of the NCDCA, N.C. Gen. Stat. §75-52 *et seq.***

41. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

42. FTB violated the NCDCA. FTB's violations include, but are not limited to:

    a. FTB violated N.C. Gen. Stat. §75-52(3) by "causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the

circumstances."

43. As a result of the foregoing violation of the NCDCA, Plaintiff is entitled actual damages, statutory damages of no less than $500 and up to $4,000 for each violation, and punitive damages. §75-56(b), (c).

44. Section 75-56 expressly states that the remedies provided by the NCDCA are cumulative and in addition to remedies otherwise available. §75-56(c).

## COUNT III
### Violation of Invasion of Privacy — Intrusion Upon Seclusion

45. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

46. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. FTB violated Plaintiff's privacy. FTB's violations include, but are not limited to, the following:

   a. FTB intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by FTB after two requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. FTB's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted and occupied her phone line.

    d. The frequency and volume of FTB's calls were harassing to Plaintiff.

    e. FTB's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of FTB's violations of Plaintiff's privacy, FTB is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Nancy Mercer respectfully requests judgment be entered against Defendant Fifth Third Bank, N.A. for the following:

A. Declaratory judgment that FTB violated the TCPA and NCDCA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. Actual damages for FTB's violations of the NCDCA pursuant to N.C. Gen.

Stat. §75-56(b);

E. Statutory damages of no less than $500 and up to $4,000 for each of FTB's violations of the NCDCA pursuant to N.C. Gen. Stat. §75-56(b);

F. Punitive damages for FTB's violations of the NCDCA pursuant to N.C. Gen. Stat. §75-56;

G. Actual and punitive damages for FTB intrusion upon Plaintiff's seclusion;

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED this 10th day of May 2021.

> */s/ Dawn M. McCraw*
> Dawn M. McCraw
> (NCB #54714)
> Price Law Group, APC
> 8245 N. 85th Way
> Scottsdale, AZ 85258
> T: (818) 600-5585
> F: (818) 600-5485
> E: dawn@pricelawgroup.com
> *Attorneys for Plaintiff*
> *Nancy Mercer*